UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

EASTERN DIVISION

| | |
|---|---|
| NGUYEN HULL SON,<br><br>    Petitioner,<br><br>    v.<br><br>PAM BONDI, et al.,<br><br>    Respondents. | No. 5:25-cv-02107-SVW-JDE<br><br>ORDER DISMISSING ACTION AS MOOT |

On August 11, 2025, Nguyen Hull Son ("Petitioner"), proceeding pro se, filed a Petition for Writ of Habeas Corpus under 28 U.S.C. § 2241, challenging his continued detention by Immigration and Customs Enforcement ("ICE"). Dkt. 1. The operative First Amended Petition was filed on September 19, 2025. Dkt. 9 ("FAP"). Petitioner avers his continued detention by ICE violates the standard set forth by the Supreme Court in Zadvydas v. Davis, 533 U.S. 678 (2001), as, he claims, he has been detained longer than six months and "there is no significant likelihood that [he] will be removed in the foreseeable future." FAP at 4-7.

Following briefing, on December 5, 2025, Respondents filed a "Notice of Removal" advising, with evidentiary support, that Petitioner had been

|  |  |
|---|---|
| 1 | removed from the United States via a charter flight on November 17, 2025. |
| 2 | Dkt. 14 ("Notice of Removal"). The executed Warrant of Removal reflects the |
| 3 | final destination of the flight was "VVNB," the abbreviation for Noi Bai |
| 4 | International Airport, Hanoi, Vietnam. Dkt. 14-2 at 2. Respondents request |
| 5 | that action be dismissed as moot. Notice of Removal at 1. |
| 6 | The case or controversy requirement of Article III of the Constitution |
| 7 | deprives federal courts of jurisdiction to hear moot cases. Iron Arrow Honor |
| 8 | Soc'y v. Heckler, 464 U.S. 67, 70 (1983) (per curiam). "To qualify as a case fit |
| 9 | for federal court adjudication, an actual controversy must be extant at all |
| 10 | stages of review, not merely at the time the complaint is filed." Arizonans for |
| 11 | Official English v. Arizona, 520 U.S. 43, 67 (1997) (citation and internal |
| 12 | quotation marks omitted); see also Preiser v. Newkirk, 422 U.S. 395, 401 |
| 13 | (1975) (there must be a real and substantial controversy at the time the case is |
| 14 | decided). "Mootness is jurisdictional." Burnett v. Lampert, 432 F.3d 996, 999 |
| 15 | (9th Cir. 2005). Federal courts do not have the power to decide a case that does |
| 16 | not affect the rights of a litigant in the case before it. Mitchell v. Dupnik, 75 |
| 17 | F.3d 517, 527-28 (9th Cir. 1996). |
| 18 | "[A] case is moot when the issues presented are no longer 'live' or the |
| 19 | parties lack a legally cognizable interest in the outcome." City of Erie v. Pap's |
| 20 | A.M., 529 U.S. 277, 287 (2000) (citation omitted). Unless the prevailing party |
| 21 | can obtain effective relief, "any opinion as to the legality of the challenged |
| 22 | action would be advisory." Id. "[A federal action] should . . . be dismissed as |
| 23 | moot when, by virtue of an intervening event, a [federal court] cannot grant |
| 24 | 'any effectual relief' whatever in favor of the [party seeking relief]." Calderon |
| 25 | v. Moore, 518 U.S. 149, 150 (1996) (per curiam) (citation omitted). A habeas |
| 26 | petition is moot where the petitioner "seeks relief [that] cannot be 'redressed by |
| 27 | a favorable . . . decision' of the court issuing a writ of habeas corpus." Burnett, |
| 28 | |

432 F.3d at 1000-01 (citation omitted); see also Kittel v. Thomas, 620 F.3d 949, 951-52 (9th Cir. 2010) (as amended) (habeas petition dismissed as moot where there was no legal dispute remaining for the court to decide).

By the Petition, Petitioner sought release due to the length of his detention and lack of any likelihood that he would be removed in the near future. However, Petitioner has now been removed from the United States and is no longer in Respondents' custody. As such, Petitioner's challenge to his detention is now moot. See Nsinano v. Barr, 808 F. App'x 554, 555 (9th Cir. 2020) (quoting Abdala v. INS, 488 F.3d 1061, 1065 (9th Cir. 2007)); Picrin-Peron v. Rison, 930 F.2d 773, 776 (9th Cir. 1991) ("By his petition for habeas corpus, [the petitioner] has requested only release from custody. Because he has been released, there is no further relief we can provide.").

THEREFORE, IT IS HEREBY ORDERED that this action is DISMISSED without prejudice as moot.

Dated: December 8, 2025 ___

                                      _____
                                      STEPHEN V. WILSON
                                      United States District Judge